RONEY, Senior Circuit Judge,
concurring in part and dissenting in part:
In Part III of this opinion, the Court reverses the summary judgment entered in favor of John and Felix Burton and holds that appellees did “employ” the appellants, that they were “agricultui'al employers” or “joint employers” within the meaning of the AWPA and that therefore they were statutorily required to carry insurance or a liability bond under section 1841. I respectfully dissent from that portion of the opinion.
The Court correctly identifies the regulatory factors and case law that must guide us in determining whether an employment relationship exists. I believe that application of these factors, however, yields the opposite result.
There are two controlling cases in this circuit involving seasonal and migrant farm workers which apply these several factors and that guide the decision. In Aimable v. Long & Scott Farms, 20 F.3d 434, 438 (11th Cir.), cert. denied, 513 U.S. 943, 115 S.Ct. 351, 130 L.Ed.2d 306 (1994), this Court held in a suit under both the Fair Labor Standards Act (FLSA) and the Agriculture Workers Protection Act that the “growers,” the owners and operators of the farm upon which the laborers worked was not a joint employer with the contractor. In Antenor v. D & S Farms, 88 F.3d 925, 929 (11th Cir.1996), involving a similar suit, we held that the growers and the labor contractor were joint employers. At first glance, it might appear that these two eases conflict. Closer examination of the facts in each of the cases reveals the substantial differences that led to different conclusions.
What this issue boils down to then is whether the defendants are like the non-employer growers in the Aimable case, or like the employer growers in the Antenor case. I have constructed a chart attached hereto as an appendix showing the decision as to each regulatory factor made in Aima-ble, Antenor, and by the district court and the panel in this case, and the evidence on each point. This chart clearly shows that the defendants are more like the growers in Aimable than like the growers in Antenor. A study of the chart will indicate that further discussion in this part of this opinion would be redundant. I would therefore affirm, based upon the evidence revealed in the chart, and the decision of the district court that the Burtons were not joint employers of the plaintiffs in this case and therefore had no duty to carry insurance or a liability bond under section 1841 of the AWPA.
I concur in the other portions of the court’s opinion.
*1337 [[Image here]]
*1338 [[Image here]]
*1339 [[Image here]]
*1340 [[Image here]]
*1341 [[Image here]]